David Barkan (SBN 160825)
barkan@fr.com
FISH & RICHARDSON PC
500 Arguello Street, Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Michael McKeon (*pro hac vice*)
mckeon@fr.com
FISH & RICHARDSON PC
1425 K Street, NW
Washington, DC 20005
Tel: 202-783-5070
Fax: 202-783-2331

Wasif Qureshi (*pro hac vice*)
qureshi@fr.com
FISH & RICHARDSON PC
1221 McKinney, Suite 2800
Houston, TX 77010
Tel: (713) 654-5300
Fax: (713) 652-0109

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,<br><br>Defendants. | CASE NO. 4:15-cv-00539-EDL<br><br>**SAMSUNG DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**<br><br>Date: May 19, 2015<br>Time: 9:00 a.m.<br>Place: Courtroom E, 15th Floor<br><br>Hon. Elizabeth D. Laporte |

**TABLE OF CONTENTS**

NOTICE OF MOTION ........................................................................................................... 1

STATEMENT OF RELIEF .................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 1

I.    INTRODUCTION ........................................................................................................ 1

II.   PROCEDURAL HISTORY ......................................................................................... 2

    A.   This Case Is In Its Early Stages ........................................................................ 2

    B.   The *Inter Partes* Review Petition .................................................................... 3

III.  *INTER PARTES* REVIEW ........................................................................................ 4

IV.  A PRE-INSTITUION STAY OF THIS CASE IS APPROPRIATE ................................. 5

    A.   Factor One: The Early Stage of This Case Favors a Stay ............................... 7

    B.   Factor Two: A Stay Will Simplify The Issues in Dispute ................................ 8

    C.   Factor Three: RSRI Will Not Suffer Undue Prejudice or Disadvantage ...... 10

V.   CONCLUSION ........................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Labs. v. Cordis Corp.*,
  710 F.3d 1318 (Fed. Cir. 2013) ............................................................................................... 4

*Andersons, Inc. v. Enviro Granulation, LLC*,
  2014 WL 4059886 (M.D. Fla. Aug. 14, 2014) ......................................................................... 5

*Asetek Holdings, Inc. v. Cooler Master Co.*,
  No. 13-cv-00457-JST, 2014 WL 1350813 (N.D. Cal. April 3, 2014) ...................................... 4

*Brixham Solutions, Ltd. v. Juniper Networks, Inc.*,
  2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) ...................................................................... 5, 6

*Coho Licensing LLC v. Glam Media, et al.*,
  2014 WL 4681699 (N.D. Cal. Sept. 17, 2014) ..................................................................... 5, 6

*Dorman Prods., Inc. v. Paccar, Inc.*,
  2014 WL 2725964 (E.D. Pa. June 16, 2014) ............................................................................ 5

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ................................................................................................ 6

*Evolutionary Intelligence, LLC v. Apple Inc.*,
  2014 WL 93954 (N.D. Cal. Jan. 9, 2014) ................................................................................. 6

*Evolutionary Intelligence, LLC v. Facebook, Inc.*,
  2014 WL 261837 (N.D. Cal. Jan. 23, 2014) ..................................................................... passim

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp*,
  2014 WL 4802426 (N.D. Cal. Sept. 26, 2014) .......................................................................... 9

*Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*,
  2014 WL 819277 (N.D. Cal. Feb. 28, 2014) ......................................................................... 5, 7

*Evolutionary Intelligence, LLC v. Yelp Inc.*,
  No. C-13-03587 DMR, 2013 WL 6672451 (N.D. Cal. Dec. 18, 2013) ................... 5, 9, 10, 11

*Ho Keung Tse v. Apple Inc.*,
  No. C 06-06573 SBA, 2007 WL 2904279 (N.D. Cal. Oct. 4, 2007) ........................................ 8

*Ignite USA, LLC v. Pacific Market Int'l, LLC*,
  2014 WL 2505166 (N.D. Ill. May 29, 2014) ............................................................................ 5

*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*,
  No. 2:13-cv-04160-NKL, 2014 WL 2511308 (W.D. Mo. June 4, 2014) ............................. 5, 6

*Intellectual Ventures II LLC v. Huntington Bancshares Inc.*,
  2014 WL 2589420 (S.D. Ohio June 10, 2014) ........................................................................ 5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................................. 6

*Lelo, Inc. v. Standards Innovation (US) Corp.*,
  Case No. 01393 (JD), 2014 WL 2879851 (N.D. Cal. June 24, 2014) .................................... 7

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
  Case No. 13-cv-01356 (EJD), 2014 WL 116340 (N.D. Cal. Jan. 13, 2014) .................... 7, 11

*Pi-Net Int'l, Inc. v. Focus Bus. Bank*,
  Nos. C-12-4958-PSG, 4959-PSG, 4962-PSG, 2013 WL 4475940
  (N.D. Cal. Aug. 16, 2013) ........................................................................................ 7, 10, 11

*Pragmatus AV, LLC v. Facebook, Inc.*,
  No. 11-cv-02168-EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) .................................. 8

*Procter & Gamble Co. v. CAO Group, Inc.*,
  2014 WL 3573597 (S.D. Ohio July 21, 2014) ...................................................................... 5

*Roche Molecular Sys., Inc. v. Cepheid*,
  No. C-14-3228-EDL, 2015 WL 124523 (N.D. Cal. Jan. 7, 2015) ................................ *passim*

*Rothschild Storage Retrieval Innovations, LLC v. Apple Inc.*,
  Case No. 3:15-CV-00541-EDL (N.D. Cal.) .......................................................................... 3

*Rothschild Storage Retrieval Innovations, LLC v. HTC Corporation et al.*,
  Case No. 3:15-cv-00373-EDL (N.D. Cal.) ............................................................................ 3

*Rothschild Storage Retrieval Innovations, LLC v. LG Electronics, Inc., et al.*,
  Case No. 1:14-cv-22654-DPG (S.D. Fla.) ............................................................................. 3

*Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*,
  Case No. 1:14-cv-22659-RNS (S.D. Fla.) ............................................................................. 3

*Rothschild Storage Retrieval Innovations, LLC v. Nokia Corporation*,
  Case No. 1:14-cv-22657-DPG (S.D. Fla.) ............................................................................. 3

*Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA) Inc.*,
  Case No. 3:15-cv-00234-EDL (N.D. Cal.) ............................................................................ 3

*Software Rights Archive, LLC v. Facebook, Inc.*,
  2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ....................................................... 5, 6, 10, 11

*Speedtrack, Inc., v. Wal-Mart.com USA, LLC*,
  No. C 06-7336 PJH, 2009 WL 281932 (N.D. Cal. Feb. 5, 2009) ........................................ 11

*Theranos, Inc. v. Fuisz Pharma LLC*,
 11-cv-05236, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) ................................................... 3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
 759 F.3d 1307 (Fed. Cir. 2014) .......................................................................................... 9, 10

*Wireless Recognition Techs. v. A9.com Inc.*,
 No. 12-cv-01217-EJD, 2012 WL 4005459 (N.D. Cal. Sept. 11, 2012) ................................... 8

**Statutes**

35 U.S.C. § 6 ...................................................................................................................................... 4

35 U.S.C. § 311 .................................................................................................................................. 4

35 U.S.C. §§ 311-319 ........................................................................................................................ 4

35 U.S.C. §§ 313-314 ........................................................................................................................ 8

35 U.S.C. § 314 .................................................................................................................................. 4

35 U.S.C. § 318 .................................................................................................................................. 9

**Rules**

37 C.F.R. §§ 42.51, 42.53 .................................................................................................................. 4

37 C.F.R. § 42.100(c) ........................................................................................................................ 4

37 C.F.R. § 42.107(a)-(b) .................................................................................................................. 4

## NOTICE OF MOTION

TO THE COURT AND ALL COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on May 19, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom E of the above-titled court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Samsung") will and hereby do move this Court for an order to stay this case, pending final resolution of an *inter partes* review ("IPR") of the single patent-in-suit. (Ex. 1 (IPR petition).)[1]

This motion is based on the memorandum below and the Declaration of Wasif Qureshi, all pleadings, papers and records on file in this action, and such oral argument as may be presented at the hearing on this matter.

## STATEMENT OF RELIEF

Samsung seeks an Order from the Court staying this case until further order of this Court following the later of (1) the PTAB's denial of the IPR petition, or (2) the issuance of the final written decision in the IPR proceeding that the PTAB instituted and the completion of any appeal thereof.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a patent infringement case where non-practicing entity Rothschild Storage Retrieval Innovations, LLC ("RSRI") is asserting a single patent against Samsung. The patent-in-suit, U.S. Patent No. 8,437,797 ("the '797 Patent"), purportedly relates to wireless image distribution. RSRI is also asserting the same patent against six other defendants—Sony Mobile, HTC, Apple, LG, Nokia, and Motorola—under six other case numbers. All of the cases were originally filed in the Southern District of Florida, but now this one and three others—the cases against Sony Mobile, HTC, and Apple—have been transferred to this Court.

On December 19, 2014, Google Inc. ("Google") filed an IPR petition with the Patent Trial

---

[1] Unless otherwise indicated, all exhibits are attached to the Declaration of Wasif Qureshi; all emphasis is added; and all internal citations and quotations are omitted.

and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("PTO"), challenging the validity of all claims of the '797 Patent. In order to preserve judicial resources and to promote the efficient resolution of this dispute, Samsung respectfully moves to stay this case pending the final resolution of that petition. All factors here weigh in favor of a stay.

First, this case is still in its infancy, and thus the early stage of this litigation strongly favors a stay. An initial case management conference has not yet been held, and therefore there is no case schedule and no trial date has been set. Nearly all of the work related to this case for the parties and the Court remains yet to come.

Second, a stay will simplify the issues in the litigation because it is highly likely that the PTAB will institute the IPR, as approximately 76% of such petitions have been granted. (Ex. 2 at 2.) Moreover, only 10% of the claims instituted have survived IPR. (Ex. 3). In the absence of a stay, some or all of the work of the Court and the parties will be wasted. Even if the PTAB unexpectedly confirms all claims, a stay will still simplify the case because the IPR will have developed the intrinsic record of the '797 Patent and inform the claim construction process.

Third, a stay of this litigation will not result in any undue prejudice or tactical disadvantage to RSRI. RSRI is a non-practicing entity that has no actual business other than suing companies for patent infringement. It does not compete with Samsung, and has not sought a preliminary injunction. Courts routinely find, in cases such as this, that the mere delay inherent in the IPR process is not an *undue* prejudice, and therefore not a valid reason to deny a motion to stay. As a result, a stay is appropriate pending the final resolution of the IPR.

## II. PROCEDURAL HISTORY

### A. This Case Is In Its Early Stages

Non-practicing entity RSRI filed its complaint against Samsung in the Southern District of Florida on July 16, 2014, alleging that Samsung infringes the '797 Patent. (D.I. 1.) RSRI simultaneously filed six other complaints against six other defendants—Sony Mobile, HTC, Apple, LG, Nokia, and Motorola—alleging infringement of the same patent. On November 4, 2014, Samsung timely responded to the complaint by filing a partial motion to dismiss RSRI's indirect infringement allegations. (D.I. 32.) On November 18, 2014, RSRI filed a first amended

complaint that substantially amended its indirect infringement allegations. (D.I. 38.) On December 3, 2014, RSRI, having obtained leave, filed a second amended complaint further revising its infringement allegations. (D.I. 42.) On December 22, 2014, Samsung answered the second amended complaint. (D.I. 46.)

Prior to filing its answer, on December 3, 2014, Samsung filed a motion to transfer venue to this District (D.I. 43, 44.) On February 2, 2015, the court in the Southern District of Florida granted Samsung's motion to transfer. (D.I. 54.) Separately, five of the six defendants in the other '797 Patent cases have also moved to transfer to this District; three of those motions have been granted (Sony, Apple, HTC), one denied (Motorola), and the other is still pending (LG).[2]

After this case arrived in this District, the Court set an initial case management conference for May 5, 2015, but no dates beyond that conference have been set. (D.I. 56, 67) The parties have not yet exchanged contentions or claim construction disclosures under the Northern District of California's Patent Local Rules[3] and there are no deadlines set for fact or expert discovery, dispositive motions, or trial.

### B. The *Inter Partes* Review Petition

On December 19, 2014, Google filed an IPR petition with the PTAB, challenging the validity of all claims of the '797 Patent. (Ex. 1.) The IPR petition is based on five prior art references, only one of which was cited (although not applied) during the initial prosecution of

---

[2] The other '797 Patent cases are: *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA) Inc.*, Case No. 3:15-cv-00234-EDL (N.D. Cal.); *Rothschild Storage Retrieval Innovations, LLC v. Apple Inc.*, Case No. 3:15-CV-00541-EDL (N.D. Cal.); *Rothschild Storage Retrieval Innovations, LLC v. HTC Corporation et al.*, Case No. 3:15-cv-00373-EDL (N.D. Cal.); *Rothschild Storage Retrieval Innovations, LLC v. LG Electronics, Inc., et al.*, Case No. 1:14-cv-22654-DPG (S.D. Fla.) (transfer motion pending); *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, Case No. 1:14-cv-22659-RNS (S.D. Fla.) (transfer motion denied); and *Rothschild Storage Retrieval Innovations, LLC v. Nokia Corporation*, Case No. 1:14-cv-22657-DPG (S.D. Fla.) (no transfer motion filed).

[3] RSRI served "preliminary infringement theories" to Samsung on January 22, 2015. However, RSRI must significantly amend these contentions in order to comply with the Northern District of California's Patent Local Rules, as they fail to provide the specific disclosures required under the various subsections of Patent Local Rule 3-1 and since they are vague and fail to comply with the requirements of the Local Rules as articulated by this Court. *See, e.g., Theranos, Inc. v. Fuisz Pharma LLC*, 11-cv-05236, 2012 WL 6000798 (N.D. Cal. Nov. 30, 2012) (granting motion to strike plaintiff's infringement contentions for lack of sufficient detail and fair notice of the nature of the infringement claims alleged).

the '797 Patent. (*Id.* at 7-8.) The petition attacks the patentability of the asserted claims of the '797 patent based upon unique obviousness combinations. There are nine different grounds on which the PTAB could cancel some or all of the asserted claims of the '797 patent. (*See* Ex. 1.) RSRI's initial response to the IPR petition, if it chooses to file one, is due by April 20, 2015. If RSRI files an initial response, the last day for the PTAB to determine whether to institute the IPR is July 20, 2015.

### III. *INTER PARTES* REVIEW

The IPR procedure was set up under the America Invents Act to allow the PTAB to review the patentability of one or more claims of a patent. *See generally*, 35 U.S.C. §§ 311-319. IPR allows a full adversarial challenge—including an oral hearing and discovery—to the validity of a patent based on prior art patents and printed publications. 35 U.S.C. §§ 311(b), 316(a); 37 C.F.R. §§ 42.51, 42.53. Each IPR is conducted before a panel of technically trained patent judges who are part of the PTAB. 35 U.S.C. §§ 6, 311.

IPR replaces, and provides for a more expedited review than, the earlier *inter partes* reexamination procedure. *See Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013). Once a petitioner files a request for IPR, the patent owner may file a preliminary response within three months of the petition. 37 C.F.R. § 42.107(a)-(b). The PTAB must then decide whether to institute the IPR within three months of the patent owner's preliminary response or, if patent owner does not file a preliminary response, by the last day on which the response could have been filed. 35 U.S.C. § 314(b). In this case, that is April 20, 2015 if RSRI does not file a preliminary response, and July 20, 2015 otherwise. If the PTAB institutes IPR, it must issue its final decision within one year of the institution date, with the possibility of a six-month extension upon a showing of good cause. 37 C.F.R. § 42.100(c). As a result, the entire process must be completed in no more than 18 months. Thus, the new IPR procedure is much faster than the pre-existing *inter partes* reexamination it replaced. *See Asetek Holdings, Inc. v. Cooler Master Co.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *2 (N.D. Cal. April 3, 2014) ("[T]he IPR timeline is more compressed than the timelines under either the predecessor *inter partes* reexamination procedure or the *ex parte* reexamination procedure."). As this Court recently stated:

-4-                     SAMSUNG'S MOTION FOR STAY OF CASE
                                        PENDING *INTER PARTES* REVIEW
                                        CASE NO. 4:15-CV-00539-EDL

> In order to institute an IPR trial, the PTO must determine that the petition presents "a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition," 35 U.S.C. § 314(a), which is a "more stringent [requirement] than the previous 'substantial new question of patentability' standard."

*Evolutionary Intelligence, LLC v. Yelp Inc.*, No. C-13-03587 DMR, 2013 WL 6672451, *2 (N.D. Cal. Dec. 18, 2013) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030 (C.D. Cal. 2013)).

IPR usually results in the cancellation of one or more claims. IPR petitions likely will be granted, as approximately 76% of such petitions have been granted thus far. (Ex. 2 at 2.) Moreover, only 10% of the claims instituted have survived IPR. (Ex. 3.) Statistics on *ex parte* reexamination are also instructive—from 1999 through September 2013, 31% of *ex parte* reexaminations canceled all claims, and 61% canceled or changed some of the claims, while only 8% confirmed all claims. (Ex. 4 at 1, ¶7.)

## IV. A PRE-INSTITUION STAY OF THIS CASE IS APPROPRIATE

A pre-institution stay of this case is within the Court's discretion to grant, and similar stays have routinely been granted by courts in this and other districts.[4] In this regard, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

---

[4] *See Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015) (stay granted prior to *inter partes* institution); *Coho Licensing LLC v. Glam Media, et al.*, 2014 WL 4681699 (N.D. Cal. Sept. 17, 2014) (stay granted prior to *inter partes* institution); *Brixham Solutions, Ltd. v. Juniper Networks, Inc.*, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) (stay granted prior to *inter partes* institution); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, 2014 WL 819277, *1 (N.D. Cal. Feb. 28, 2014) (stay granted prior to *inter partes* institution); *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837 (N.D. Cal. Jan. 23, 2014) (stay granted prior to *inter partes* institution); *Software Rights Archive, LLC v. Facebook, Inc.*, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) (stay granted prior to *inter partes* institution); *see also Andersons, Inc. v. Enviro Granulation, LLC*, 2014 WL 4059886 (M.D. Fla. Aug. 14, 2014) (stay granted prior to *inter partes* institution); *Procter & Gamble Co. v. CAO Group, Inc.*, 2014 WL 3573597, *3 (S.D. Ohio July 21, 2014) (stay granted prior to *inter partes* institution); *Dorman Prods., Inc. v. Paccar, Inc.*, 2014 WL 2725964, *1 (E.D. Pa. June 16, 2014) (stay granted prior to *inter partes* institution); *Intellectual Ventures II LLC v. Huntington Bancshares Inc.*, 2014 WL 2589420, *5 (S.D. Ohio June 10, 2014) (stay granted prior to *inter partes* institution); *Intellectual Ventures II LLC*, 2014 WL 2511308, at *5 (W.D. Mo. June 4, 2014) (stay granted prior to *inter partes* institution); *Ignite USA, LLC v. Pacific Market Int'l, LLC*, 2014 WL 2505166, *4 (N.D. Ill. May 29, 2014) (stay granted prior to *inter partes* institution).

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "Courts in this district often grant stays pending this new IPR process in light of the liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-EDL, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015); *see also Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."). Such stays are granted in order to avoid inconsistent results, obtain guidance from the PTAB, or avoid needless waste of judicial resources. *See Evolutionary Intelligence, LLC v. Apple Inc.*, 2014 WL 93954 (N.D. Cal. Jan. 9, 2014). Indeed, a stay pre-institution is particularly justified here in light of the early stage of this case and where a denial of the stay may result in inconsistent results, waste judicial resources and deny the Court the guidance from the PTAB regarding claim scope. *See Brixham Solutions*, No. 13-cv-00616-JCS, 2014 WL 1677991 (N.D. Cal. Apr. 28, 2014) (staying action pending a decision by the PTAB regarding institution of *inter partes* review); *Software Rights Archive, LLC v. Facebook, Inc.*, Case No. 12-cv-03970 (RMW), 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) (same); *see also Coho Licensing LLC*, Nos. C 14-01576 to 01579, C 14-02127 and 02128, C 14-021230 to 021232, C 14-02718, 2014 WL 4681699, at *3 (N.D. Cal. Sept. 17, 2014) ("[t]he fact that the PTAB has not yet determined whether it will grant the requests for IPR does not alter the Court's finding."). Notably, as one court has explained:

> If the USPTO declines the petitions for IPR, the stay will quickly be lifted resulting in little delay. However, if the USPTO accepts the IPR petitions, the continuation of this litigation will likely result in the unnecessary expenditure of the parties' and court's time and resources on claims that may be fundamentally altered by the USPTO's determination regarding the patents-in-suit.

*Intellectual Ventures II LLC v. Commerce Bancshares, Inc.*, No. 2:13-cv-04160-NKL, 2014 WL 2511308, at *4 (W.D. Mo. June 4, 2014) (citing *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, *2 (S.D. Tex. Sept. 26, 2013)). The same analysis applies here.

In determining whether to grant a stay pending reexamination, courts consider whether:

(1) discovery is complete and a trial date has been set; (2) a stay will simplify the issues in question and trial of the case; and (3) a stay will unduly prejudice or present a clear tactical disadvantage to the non-moving party. *PersonalWeb Techs., LLC v. Facebook, Inc.*, Case No. 13-cv-01356 (EJD), 2014 WL 116340, at *3 (N.D. Cal. Jan. 13, 2014); *see also Roche Molecular*, 2015 WL 124523, at *3. Here, each factor weighs in favor of a stay.

### A. Factor One: The Early Stage of This Case Favors a Stay

The first factor supports a stay because this case is still in its infancy and a stay would save the parties and the Court significant time and expense associated with continued litigation. Here, the only material progress to date has involved transferring the case to the proper district. The parties are still awaiting an initial case management conference. The parties have also not yet exchanged infringement and invalidity contentions under the Northern District of California's Patent Local Rules. There are no deadlines for fact or expert discovery, dispositive motions, or trial. *See Evolutionary Intelligence, LLC v. Facebook, Inc.*, Nos. C 13-4202 SI, 4204 SI, 2014 WL 261837, at *2 (N.D. Cal. Jan 23, 2014) ("When, as here, there has been no material progress in the litigation, courts in this district strongly favor granting stays pending inter partes [review].") (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-cv-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011)).

Indeed, courts in this District have consistently found a stay appropriate even when the underlying litigation has advanced much farther than in the present case. *See, e.g.*, *Roche Molecular*, 2015 WL 124523, at *3 (granting stay where the parties had already held the initial case management conference); *Lelo, Inc. v. Standards Innovation (US) Corp.*, Case No. 01393 (JD), 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014) (granting stay where the parties had served some written discovery requests, exchanged initial disclosures and plaintiff's infringement contentions, and a trial date had been set); *Evolutionary Intelligence, LLC v. Sprint Nextel Corp*, No. C-13-4513-RMW, 2014 WL 819277, at *3 (N.D. Cal. Feb. 28, 2014) (granting stay where the deadline for initial disclosures and infringement and invalidity contentions had already passed); *PersonalWeb*, 2014 WL 116340, at *4 (granting stay where a claim construction order had already been issued); *Pi-Net Int'l, Inc. v. Focus Bus. Bank*, Nos. C-12-4958-PSG, 4959-PSG,

4962-PSG, 2013 WL 4475940, at *3 (N.D. Cal. Aug. 16, 2013) (granting stay where a trial date was scheduled but significant discovery remained); *see also Pragmatus AV*, 2011 WL 4802958, at *2, *4 (granting stay pending reexamination where plaintiff had served infringement contentions and written discovery); *Ho Keung Tse v. Apple Inc.*, No. C 06-06573 SBA, 2007 WL 2904279, at *2-3 (N.D. Cal. Oct. 4, 2007) (noting that "[a] stay is particularly appropriate for cases in the initial stages of litigation or in which there has been little discovery"). Thus, because the present litigation is still in its infancy, this factor strongly favors a stay.[5]

### B. Factor Two: A Stay Will Simplify The Issues in Dispute

The second factor supports a stay because it is highly likely that the PTAB will cancel some or all of the asserted claims, and regardless of the PTAB's final action, a stay will simplify the litigation.

As an initial matter, it is likely that the PTAB will institute an IPR on the patents-in-suit. Since the inception of the IPR process, the PTAB has instituted approximately 76% of IPR petitions that have been filed. (Ex. 2 at 2.) That the IPR has not yet been instituted does not change the fact that the pending IPR petition, if granted, would simplify any remaining issues and streamline the trial in this case. *See Evolutionary Intelligence*, 2014 WL 261837, at *3 ("any concern that the motions are premature is alleviated by the short time frame of the initial stay and the Court's willingness to reevaluate the stay if *inter partes* review is not instituted for all of the asserted claims"). Even if the IPR is not instituted, the resulting delay would at most be a few months, because the law requires the PTAB to decide whether to institute within three to six months of the petition, depending on whether the patent owner decides to file a preliminary response. *See* 35 U.S.C. §§ 313-314. Thus, the PTAB will issue its decision to institute IPR no later than July 2015. Given this short timeline, judges have often stayed cases based on a request for IPR, noting that a court need not wait to see whether the PTAB grants the request "because the high probability that the request will be granted and potential benefits of IPR outweigh the

---
[5] The fact the complaint was filed in July, 2014, is unimportant because the first element of the stay analysis focuses "on the stage of litigation proceedings, not the length of time that has passed since the filing of the case." *Wireless Recognition Techs. v. A9.com Inc.*, No. 12-cv-01217-EJD, 2012 WL 4005459, at *2 (N.D. Cal. Sept. 11, 2012).

| | |
|---|---|
| 1 | relatively modest delay resulting from the stay if the petition for IPR is denied." *Roche* |
| 2 | *Molecular*, 2015 WL 124523, at *3; *Evolutionary Intelligence*, 2014 WL 261837, at *3 (noting |
| 3 | that "it is not uncommon for courts to grant stays pending reexamination prior to the PTO |
| 4 | deciding to reexamine the patent.") (quoting *Pragmatus*, 2011 WL 4802958 at *3); *Evolutionary* |
| 5 | *Intelligence LLC v. Yelp Inc.*, Case No. 13-cv-03587 (DMR), 2013 WL 6672451, at *7 (N.D. Cal. |
| 6 | Dec. 18, 2013) ("On the other hand, if the PTAB rejects the IPR request, the stay will be |
| 7 | relatively short."). |
| 8 | The IPR will simplify the litigation for a number of reasons. First, if the PTAB invalidates |
| 9 | all of the asserted claims, the case will become moot, which is "the ultimate simplification of |
| 10 | issues." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014); *see* |
| 11 | *also Evolutionary Intelligence*, 2014 WL 261837, at *2 ("[I]nter partes review has been sought |
| 12 | for all the claims in the patents in suit. Therefore, if the petitions for review are granted, there is a |
| 13 | chance that the review could simplify the case by rendering all of [the plaintiff's] claims for |
| 14 | infringement moot."). Even if not all of the claims are invalidated, it will certainly simplify the |
| 15 | issues for trial by removing those that are. Indeed, the PTAB's statistics show that only 10% of |
| 16 | the claims on which IPR was instituted have survived IPR. (Ex. 3.) |
| 17 | Second, arguments in support of the claims and any amendments to the claims made in the |
| 18 | *inter partes* review may constitute a basis for intervening rights, thus limiting any damages claims |
| 19 | for any '797 Patent claims that survive *inter partes* review. *See* 35 U.S.C. § 318(c). Conversely, |
| 20 | if the Court does not grant the stay, progress in this case may be undermined by claim |
| 21 | amendments made during the IPR or by the PTAB's claim constructions. *See, e.g.*, *VirtualAgility*, |
| 22 | 759 F.3d at 1314 (noting that a patent owner's claim amendments at the PTAB could make claim |
| 23 | construction "a moving target."). |
| 24 | Third, RSRI's arguments during *inter partes* review will help define the scope of the |
| 25 | asserted claims, should any claims survive. *Evolutionary Intelligence, LLC v. Sprint Nextel Corp*, |
| 26 | 2014 WL 4802426, at *4 (N.D. Cal. Sept. 26, 2014) ("Statements made by [the Patent Owner] |
| 27 | during the IPR could disclaim claim scope, aid the court in understanding the meaning of the |
| 28 | terms, or otherwise affect the interpretation of key terms."). |

Finally, the Federal Circuit's recent decision in *Fresenius USA, Inc. v. Baxter Int'l, Inc.* provides another reason to stay the case. 721 F.3d 1330 (Fed. Cir. 2013). The Federal Circuit held that where the execution of a damages award has not yet occurred and the decision is not yet final—in that case, the award was on appeal to the Federal Circuit—district courts must give effect to the PTAB's invalidity determination. *Id.* at 1343. Even if the parties' disputes progress more quickly in the Court than in the PTAB, the IPR decision will ultimately govern, rendering all the Court's and parties' work in this action for naught. Before the Court and the parties expend unnecessary resources, the PTAB should be allowed to complete its review, which will narrow the issues and possibly eliminate them altogether. As a result, this factor strongly favors a stay.

### C. Factor Three: RSRI Will Not Suffer Undue Prejudice or Disadvantage

There would be no undue prejudice to RSRI or a tactical advantage to Samsung resulting from a stay. The only potential prejudice to RSRI is delay, but, as this Court has previously noted, "without a more particularized showing of harm, this type of harm is inherent in any case delay and does not support the denial of a stay." *Roche Molecular*, 2015 WL 124523, at *5; *see also Evolutionary Intelligence*, 2014 WL 261837, at *3 ("A delay inherent in the reexamination process does not constitute, by itself, undue prejudice."); *Software Rights Archive*, 2013 WL 5225522, at *5 ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice.") (emphasis in original); *Pi-Net Int'l*, 2013 WL 4475940 at *4 ("Delays based on the length of the PTO's review *standing alone* do not amount to undue prejudice.") (emphasis in original).

Furthermore, RSRI, as a non-practicing entity, does not market any products covered by the claims of the '797 Patent, much less any products that compete with any Samsung accused product. (D.I. 45 at 3 ("[RSRI] was formed by the inventor of the patent-in-suit for assertion of the patent-in-suit").) Thus, a stay would have no competitive effect on RSRI's ongoing business. Rather, if this litigation is stayed, RSRI retains the ability to collect money damages for any proven infringement. *See, e.g., Evolutionary Intelligence*, 2013 WL 6672451, at *8 ("Courts have consistently found that a patent licensor cannot be prejudiced by a stay because monetary

-10-
SAMSUNG'S MOTION FOR STAY OF CASE
PENDING *INTER PARTES* REVIEW
CASE NO. 4:15-CV-00539-EDL

damages provide adequate redress for infringement."). Because RSRI does not practice the claimed invention but merely engages in patent assertion, money damages are an adequate remedy in this case. *See Speedtrack, Inc., v. Wal-Mart.com USA, LLC*, No. C 06-7336 PJH, 2009 WL 281932, at *1 (N.D. Cal. Feb. 5, 2009) (finding that stay's effect on plaintiff's ability to license its patented technology was not undue prejudice and that money damages would adequately compensate). In cases involving non-competitors, such as here, courts find that this factor "strongly favor[s] granting the stay" based on the following reasoning:

> If the parties are not competitors (meaning that the plaintiff does not market any products or services covered by the claims of the patents-in-suit and does not seek a preliminary injunction), the plaintiff does not risk irreparable harm by the defendant's continued use of the accused technology and can be fully restored to the *status quo ante* with monetary relief.

*Evolutionary Intelligence*, 2013 WL 6672451, at *8 (citing cases); *see also PersonalWeb*, 2014 WL 116340, at *5 ("considering the parties are not competitors, any harm from the temporary halt in enforcing Plaintiffs' rights in the asserted patents can be addressed through a final damages award"); *Software Rights Archive*, 2013 WL 5225522, at *6 (plaintiff "does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the status quo ante with monetary relief").

RSRI's opportunity to respond to the IPR petition expires in April 2015, and by July 2015, the PTAB will have decided whether to institute the IPR. The IPR will be resolved within 12 months of the institution decision, or by June 2016 at the latest. As noted by Judge Grewal:

> [M]any judges, including this one, have been skeptical of delaying a patentee's day in court for what could turn out to be years as the PTO and the appellate courts complete their work. With the passage last year of the America Invents Act ("AIA"), and its promise of speedier procedures at the PTO, perhaps the time has come for even the most [sic] among us to at least reconsider.

*Pi-Net Int'l*, 2013 WL 4475940 at *1. Given the short timeline for conclusion of IPR proceedings, RSRI faces no tactical disadvantage, and Samsung gains no tactical advantage, in seeking a stay of this litigation. Conversely, the risk of prejudice in not staying the case is great. As noted above, the parties and the Court may expend substantial resources construing claims, and arguing over validity, invalidity, and damages issues, only to have all of that effort deemed moot should the PTAB ultimately decide to cancel the claims. *See Evolutionary Intelligence*, 2014 WL 261837, at

SAMSUNG'S MOTION FOR STAY OF CASE
PENDING *INTER PARTES* REVIEW
CASE NO. 4:15-CV-00539-EDL

*2. For these reasons, this factor weighs heavily in favor of a stay.

## V. CONCLUSION

For the foregoing reasons, the case should be stayed in its entirety until further order of this Court following the later of (1) the PTAB's denial of the IPR petition, or (2) the issuance of the final written decision in the IPR proceeding that the PTAB instituted and the completion of any appeal thereof.

Date: April 2, 2015

FISH & RICHARDSON P.C.

 */s/ David M. Barkan*
David M. Barkan

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA, LLC